```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

_____
                                      :
BEN ALAN PARICHUK,                    :
                                      :     Civil No. 10-0544 (DRD)
            Petitioner,               :
                                      :
       v.                             :
                                      :     **NOTICE and ORDER**
SCI DALLAS, et al.,                   :
                                      :
            Respondents.              :
_____:

THIS MATTER is before the Court on Petitioner's submission, construed by the United States District Court for the Middle District of Pennsylvania as a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254.

This Court is required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), to notify Petitioner of the following consequences of filing such an application under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and to give you an opportunity to file one all-inclusive § 2254 Application.

1. Under the AEDPA, prisoners challenging the legality of their detention pursuant to the judgment of a State court must marshal in one § 2254 Application all the arguments they have to collaterally attack the State judgment and, except in extremely limited circumstances, file this one all-inclusive Application within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the

expiration of the time for seeking such review. <u>See</u> 28 U.S.C. § 2244(d).

2. It is not apparent to the Court whether you intend the Application you filed to be your one all-inclusive § 2254 Application. Therefore, you may now tell the Court how you want to proceed by choosing one of the following options and notifying the Clerk of your choice pursuant to the terms of this Notice and Order.

    a. Have your pending § 2254 Application ruled upon as is; or

    b. Withdraw your pending § 2254 Application and file one all-inclusive § 2254 Application subject to the one-year statute of limitations.

3. If you choose option (a) above, then you will lose your ability to file a second or successive Application under § 2254, absent certification by the Court of Appeals for the Third Circuit and extraordinary circumstances.

4. If you choose option (b) **AND** your original Application was filed within the one-year statute of limitations under 28 U.S.C. § 2244(c), then the statute of limitations will be tolled from the date you handed your original application to prison officials for mailing to the Clerk of the Court until 45 days after entry of this Notice and Order. Under these circumstances, if your original § 2254 Application was filed within the one-year

2

limitations period, you will have the 45-day response period plus any time remaining within your one-year statute of limitations period (as of the date you filed your original Application) to draft and file your one all-inclusive § 2254 Application.

IT IS therefore on this 10th day of August, 2010,

ORDERED that the Clerk of the Court shall amend the docket for this case to reflect that this matter is actually a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254; and it is further

ORDERED that you have 45 days from the entry of this Notice and Order to file with the Clerk a letter or other written response signed by you advising the Court how you would like to proceed; and it is further

ORDERED that, if you do not file a signed response choosing one of the above options within 45 days of the entry of this Notice and Order, then the Court will rule on your Application as it is.

August 10, 2010

DICKINSON R. DEBEVOISE
United States District Judge