**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

BEN ALAN PARICHUK, :

    Petitioner, : Civil Action No. 10-544 (DRD)

vs. : OPINION

SCI DALLAS, et al., :

    Respondents. :

---

**APPEARANCES:**

Ben Alan Parichuk, Pro Se
151 Nesquehouning Street
Easton, PA 18045

Gregory R. Mueller
Sussex County Prosecutor's Office
19-21 High Street
Newton, NJ 07860
Attorney for Respondents

**DEBEVOISE, District Judge**

    Petitioner, Ben Alan Parichuk, submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and Respondents submitted an answer to the petition (docket entry 16), with the available state court record. Petitioner also filed a traverse to the answer (docket entry 17). For the following reasons, the petition will be denied.

BACKGROUND

On October 29, 2009, Petitioner pled guilty to and was convicted of one count of third-degree burglary, in violation of New Jersey law. He cites one ground for relief in his habeas petition concerning the Interstate Agreement on Detainers ("IAD"). Petitioner alleges:

> On June 24, 2009 I requested final dispositions of Warren County, N.J. Indictment no. 08-09-398 and Sussex County, N.J. Complaint No. [], from S.C.I. Dallas. Warren County accepted temporary custody, dated July 1, 2009. I was transferred to Warren County, pursuant to Exhibit A, of this petition on July 24, 2009.
>
> On August 28, 2009 my charges were resolved in Warren County and I attempted to block being transferred to Sussex County because they failed to accept temporary custody. [] Warren County authorities forced me to be transferred to Sussex County when they had only the right to return me to the authorities of the sending state.

(Petition, ¶ 12).

Petitioner does not state the relief he seeks, however, by virtue of the fact that this claim was filed under 28 U.S.C. § 2254, it appears that Petitioner sought to invalidate his conviction based on IAD violations.

DISCUSSION

A.   Section § 2254 Habeas Relief

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

> With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Although a petition for writ of habeas corpus may not be granted if the petitioner has failed to exhaust his remedies in state court, a petition may be denied on the merits notwithstanding the petitioner's failure to exhaust his state court remedies. See 28 U.S.C. § 2254(b)(2); Lambert v. Blackwell, 387 F.3d 210, 260 n.42 (3d Cir. 2004); Lewis v. Pinchak, 348 F.3d 355, 357 (3d Cir. 2003).

Finally, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

B.  <u>Petitioner's Claims Must Be Denied</u>

Because Petitioner pled guilty to the charges against him, he waived any right to assert claims concerning the provisions of the IAD.  <u>See</u> <u>United States v. Fulford</u>, 825 F.2d 3, 10 (3d Cir. 1987) ("Petitioner fails to recognize the fundamental principle that entry of a guilty plea acts as a waiver of the provisions of the IADA.")(citing <u>United States v. Palmer</u>, 574 F.2d 164 (3d Cir.), <u>cert. denied</u>, 437 U.S. 907 (1978)); <u>see</u> <u>also</u> <u>Alexander v. Williams</u>, 2008 WL 162789 *1 (D. Del. Jan. 17, 2008)("Petitioner's plea of no contest to one count of third degree rape acts as a waiver of his IAD claim."); <u>United States v. Rodriguez</u>, 2010 WL 5558293 *1 n.1 (E.D. Pa. Dec. 22, 2010)("... because IADA rights are deemed waived at the time a guilty plea is entered, then the applicability of the act terminates at that pont of adjudication and not at the later sentencing date."); <u>United States v. Bethea</u>, 1988 WL 79198 (D.N.J. Jul. 27, 1988)(Petitioner who pled guilty precluded from filing motions claiming that his due process and speedy trial rights were violated).

As the Supreme Court explained:

> . . . a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

<u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973); <u>see</u> <u>also</u> <u>United States v. Gaines</u>, 2013 WL 950997 *2 (3d Cir. Mar. 13, 2013)(finding that

4

because the District Court informed Gaines at the plea hearing that he would waive any rights to pretrial motions by pleading guilty, and Gaines acknowledged such, Gaines could not thereafter argue a suppression issue and it raised no basis to appeal).

Here, despite Petitioner's admission that his claims have not been properly exhausted (see Pet., ¶¶ 8-11), Petitioner's claims are deniable on the merits. Petitioner admits in his petition that he pled guilty to charges, and did not appeal (see Pet., ¶¶ 5-8). As he pled guilty, and his guilty plea has not been overturned or shown to be coerced in any way, he cannot now challenge the IAD procedures applied to his pretrial case history. Further, at the plea hearing, the trial judge in Petitioner's case found that Petitioner "knowingly and voluntarily [entered] his plea," and that "he's waiving his rights under the Interstate Agreement on Detainers Act." (Answer, Respondents' Exhibit 15, Transcript of Plea at 12:8-13).

As such, Petitioner has not demonstrated a right to relief under 28 U.S.C. § 2254.

## CONCLUSION

Based on the foregoing, this Court will deny the petition and order the case closed. An appropriate Order accompanies this Opinion.

                                                     _/s/ Dickinson R. Debevoise_
                                                    DICKINSON R. DEBEVOISE
                                                    United States District Judge

Dated: March 21, 2013